## Case No. 16,265.

UNITED STATES v. SHARP et al.

[Pet. C. C. 131.] [1]

Circuit Court, D. Pennsylvania. April Term, 1815.

INDICTMENT — JOINDER OF CAPITAL CRIME AND MISDEMEANOR.

An indictment, which charges in the same count, an offence made capital by one section

[1] [Reported by Richard Peters, Jr., Esq.]

of an act of congress [1 Stat. 112], and another offence, declared in another section of the same law, to be a misdemeanor, is bad.

[Cited in U. S. v. Peterson, Case No. 16,037; U. S. v. Cadwallader, 59 Fed. 681.]

[Cited in brief in State v. Cameron, 40 Vt. 560.]

Messrs. Binney and Chauncey, counsel for the prisoners [Sharp, Anderson, and Stewart], when their trial was called up, moved to quash the indictment, because there was no count in it, for an offence, as described in the statute. They stated that the first count, was for making a revolt, and confining the captain, which is not described as an offence in the 8th section; although making a revolt, is a capital offence, under the 8th section; and confining the captain, is a misdemeanor, under the 12th section. In like manner, the second count, is for confining the captain, and endeavouring to make a revolt; to which the same exceptions apply. It is essential to justice, that the grand jury should have it in their power, to ignoramus any offence in the indictment, which is not supported by evidence. But if two or more offences, are thus blended together, in one count, they must find the whole, or ignoramus the whole; whereas, if they are arranged in different counts, they may find one a true bill, and ignoramus as to the other. How are the petty jury, in a case of this kind, to find their verdict? If they say the prisoners are guilty of part of the offence described in one count, and not guilty as to the others; they do not find them guilty "in manner and form;" but where there are different counts, they are the same as different indictments. 4 Hawks, 2.

THE COURT decided that the indictment could not be supported.

The district attorney entered a nolle prosequi, as to the defendants.